**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankr. No.: 21-00212 |
| The P.H.I. Group, Inc., | ) | |
| | ) | Chapter 7 |
| Debtor(s). | ) | |
| | ) | Hon. Jacqueline P. Cox |
| _____ | ) | |

**Findings of Fact and Conclusions of Law in Support of an Order on the First and Final
Application of Cozen O'Connor as Counsel to the Chapter 7 Trustee for Allowance and
Payment of Compensation and Reimbursement of Expenses
(Docket No. 31)**

Total Fees Requested: $12,259.45          Total Costs Requested: $0.00
Fees Disallowed: $535.80                  Costs Disallowed: $0.00
Total Fees Allowed: $11,723.65            Total Costs Allowed: $0.00

Total Fees and Costs Allowed: $11,723.65

This matter comes before the Court on the First and Final Application of Cozen O'Connor
("Applicant") as Counsel to the Chapter 7 Trustee (the "Trustee"), for allowance and payment of
final compensation for legal services rendered and reimbursement of expenses incurred during the
period of September 23, 2021 through July 26, 2023[1] (the "First Application") (Dkt. No. 31).

It appearing to the Court upon the record herein, and only after due deliberation hereto, for
cause appearing in the First Application, IT IS HEREBY ORDERED that: the First Application's
request for fees is disallowed in the amount of $535.80.

| Date | Name | Description of Services | Hours | Amount | Rate[2] |
|---|---|---|---|---|---|
| 03/10/22 | David Doyle (DD) | Review Signature Bank security agreements, notes and foreclosure papers; review document production by insiders; research setoff rights; review and analysis of document production by investment banker; email to counsel for bank; email | | | |

---

[1] The Applicant lists the application period as "the period of September 23, 2021 through the present." *See*
First Application (Dkt. 31), p. 1.  However, the court is listing the Application Period as ending on July 26, 2023, as
this was the date that the application was filed.

[2] The rate charged for each professional is listed in the application itself, but not in the Invoice, Exhibit A.
*See* First Application (Dkt. 31), p. 3; *see also* Local Rule 5082-1C(4).

| | | | | | |
|---|---|---|---|---|---|
| | | email to counsel for investment banker. | 5.60 | $3,192.00 | $570.00 |
| 04/26/22 | DD | Draft subpoena to TAB Bank; communications with local contact in Utah regarding same; coordinate service of same. | 2.30 | $1,311.00 | $570.00 |
| 04/27/22 | DD | Communications with P. Fredericks regarding notice of subpoena; file and oversee service of same. | 0.60 | $342.00 | $570.00 |
| 08/08/22 | DD | Prepare for and participate in call with B. Factor regarding outstanding questions. | 0.90 | $513.00 | $570.00 |

## I. Rationale for the Disallowed Fees

Bankruptcy courts have the "independent authority and responsibility to determine the reasonableness of all fee requests, regardless of whether objections are filed." *See In re Wildman*, 72 B.R. 700, 705 (Bankr. N.D. Ill. 1987) (citations omitted); *see also In re Vancil Contracting, Inc.*, No. 06-71254, 2008 WL 207533, at *2 (Bankr. C.D. Ill. Jan. 25, 2008) (citations omitted). Section 330 of the Bankruptcy Code governs compensation and provides, *inter alia*, that the court may award to professionals "reasonable compensation for actual, necessary services" rendered by such professionals. *In re Wildman*, 72 B.R. at 707 (citing 11 U.S.C. § 330).

### 1. Lumping

"The standard in this District for compensable time entries has been for over thirty years that the applicant must account for its time in minimum increments of tenths of an hour." *In re Direct Media Power, Inc.*, No. 16BK36934, 2018 WL 4726012, at *3 (Bankr. N.D. Ill. Sept. 28, 2018), *aff'd*, No. 18 C 7397, 2019 WL 4601736 (N.D. Ill. Sept. 23, 2019) (citing *In re Wildman*, 72 B.R. at 708-09, 726).

The court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. at 709 ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. . . . Each type of service should be listed with the corresponding specific time allotment.") (citations omitted)); *see In re Direct Media Power, Inc.*, 2019 WL 4601736, at *3 (citations omitted). For this reason, fees are reduced by 10 percent each for the time entries above. *See* First Application (Dkt. No. 31), Ex. A, pp. 2-3.

## II. Allowed Fees and Expenses

In light of the foregoing, it is HEREBY ORDERED that:

1. The Applicant is hereby allowed fees in the amount of $11,723.65 for professional services rendered as counsel to the chapter 7 trustee and reimbursement in the amount of $0.00 for expenses incurred during the period of September 23, 2021 through July 26, 2023 (the "application period"), in connection with the above-captioned case.

2. The chapter 7 trustee is authorized to pay the Applicant for the professional services rendered and expenses incurred during the application period that have not yet been paid.

3. The Court shall retain jurisdiction arising from implementing the Order or the First Application (Dkt. 31).

**Date**: September 8, 2023            **ENTER**: _____

Hon. Jacqueline P. Cox
United States Bankruptcy Judge